**Alfredo Ray BRYAN, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16997.**

United States Court of Appeals
Ninth Circuit.

April 21, 1961.

Ball, Hunt & Hart, Long Beach, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan and Carla A. Hills, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM.

Appellant stands convicted of the unlawful sale of heroin, in violation of Title 26 U.S.C. §§ 4705(a) and 7237. Upon this appeal he contends that his conviction was founded upon an involuntary confession.

He was arrested upon warrant on December 7, 1958, in Los Angeles, California, and was arraigned before a commissioner the following day. At that time he pleaded not guilty. Bail was set at $10,000.00 and his preliminary hearing was set for January 15, 1959. No objection to this setting was made by appellant. On January 14, 1959, the federal grand jury convened and indicted appellant, eliminating the necessity for the preliminary hearing. On January 19, 1959, he was arraigned in the district court and entered a plea of not guilty. Trial and verdict followed in due course.

After arraignment by the commissioner and prior to indictment, appellant, unable to meet bail, remained in jail. Several days after his arrest (the precise day does not appear) a federal agent spoke to him about the possibility of his cooperating with the Bureau of Narcotics in the apprehension of other narcotic violators. Appellant volunteered that he could help catch other important violators in the area, but that he wanted to know what guaranty the bureau could give him. The agent informed him that the bureau could give him no guaranty and told him that whether or not he could assist the bureau would depend upon whether he could make bail. The agent further stated to appellant that the bureau had no control over pleas and that whether or not appellant would be permitted to plead guilty to one count and have another count dismissed was a matter solely between the court and the United States Attorney's office.

During the course of this conversation appellant mentioned the names of persons he knew to be engaged in the narcotics traffic. In particular, he mentioned one person known by the bureau to be an important violator. Upon hearing this name, the agent asked appellant: "Is that the person that you got the stuff from that you sold to Agent Baker?" (the sales upon which this case was founded). Appellant replied: "No. This is another guy but I can get him for you too."

This was the "confession" with which we are concerned. The confession and the circumstances under which it was given, as we have recited them, all were established by testimony of the federal agent to whom the statement had been made, which testimony was brought out upon cross-examination by appellant's counsel. Appellant did not testify with reference to the incident. The United States denies that this statement constituted a confession or was so regarded by anyone at the time of trial. Our disposition of this matter makes it unnecessary for us to deal with this contention.

 With reference to the involuntariness of this so-called confession, appellant contends first that it was made at a time when he was unlawfully incarcerated in violation of Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C. Such was not the case. That rule requires a prisoner to be brought promptly before a committing magistrate. This had been done. Appellant had been duly arraigned and bail set.

Second, appellant contends that the "confession" was induced by veiled promises of leniency. The circumstances, as above recited, demonstrate that there was no such inducement.

Affirmed.